FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERESA EIER,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBIA COUNTY, and<br>COLUMBIA COUNTY SHERIFF'S<br>OFFICE<br><br>    Defendants. | No. 2:25-CV-00370-SAB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court is Plaintiff's Motion for Expedited Remand to State Court, ECF No. 2. Plaintiff is representing herself in the matter. Defendants are represented by Michael E. McFarland, Jr. and Rachel K. Stanley.

## Background

Plaintiff filed her complaint with the Columbia County Superior Court on August 26, 2025. Shortly after, Plaintiff filed a Motion for Entry of Default Judgment, as Defendants did not file an answer within the 21-day timeframe. Defendants removed the case to federal court before filing an answer, prior to a scheduled hearing on Plaintiff's Motion for Default Judgment.

Defendants assert the action is removable to federal court under 28 U.S.C. § 1441, as Plaintiff's claims arise under the Constitution, laws or treaties of the U.S., and this Court would have had original jurisdiction over Plaintiff's claims under 28

**ORDER GRANTING MOTION TO REMAND \* 1**

U.S.C. § 1331 had Plaintiff elected to file the action in federal court. Defendants further request any remand to state court be accompanied by a ruling that any federal claims asserted in the Complaint have been dismissed.

Plaintiff asserts that removing the case to federal court was a deceptive attempt to derail imminent state court proceedings, evade state law liability, and improperly invoke federal immunity doctrines that Plaintiff never intended to plead. Plaintiff now requests the Court to remand the case to state court and impose sanctions on Defendants for bad faith removal.

### Standard

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1447(c), a district court must remand a case for lack of subject matter jurisdiction. There are two primary pathways to achieving subject matter jurisdiction in a case in front of a federal court – federal question jurisdiction[1] and diversity jurisdiction.[2] Diversity jurisdiction is not at play here, as all parties are residents of Washington. A suit typically falls within federal question jurisdiction when federal law creates the cause of action asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

On rare occasions, federal subject matter jurisdiction can also be found in a suit containing state-law claims alone, because one or more of the claims raises a substantial and disputed federal question. *Id*. at 258. The determination of jurisdiction is based only on the allegations in the plaintiff's complaint – not on any issue the defendant raises. *Franchise Tax Bd. of Cal. v. Constr. Laborers*

---

[1] Federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (*i.e.*, all plaintiffs) are citizens of different states from all persons or associations on the other side (*i.e.*, all defendants).

**ORDER GRANTING MOTION TO REMAND \* 2**

*Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983).

If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court. 28 U.S.C. § 1441(a). And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of supplemental jurisdiction. *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 25 (2025). However, incorporation of a federal standard in a state law private action does not necessarily mean that the claims are subject to federal question jurisdiction. There must be more to the inclusion of a federal standard – the cause of action must be directly related to the remedies available under federal law. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1996). This raises two critical questions: (1) is it possible to find violations that support plaintiff's claims without necessarily finding a violation of federal law, and (2) do the claims depend on the interpretation and application of federal law? Id. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Id*. at 813.

If the complaint presents no federal question, a federal court may not hear the suit. *Royal* Canin, 604 U.S. at 26. If there is no basis for a federal court to have subject matter jurisdiction over a case that was removed to federal court, the case must be remanded back to state court. 28 U.S.C. § 1447(c).

## Plaintiff's Claims for Damages

1. **"Intrusion Upon Seclusion (Common Law Tort) Under Washington Law (Damages Theory, RCW 4.96 Applies)"**

In this claim, Plaintiff references Article I, Section 7 of the Washington State Constitution and asserts that "private first amendment protected association communications" were intruded upon. Plaintiff does not base any right to recovery on federal law under this claim.

2. **Conversion**

Plaintiff asserts her property was taken by Defendants in retaliation to her

**ORDER GRANTING MOTION TO REMAND * 3**

exercising her First Amendment rights. She further asserts that this seizure of property violates several Amendments of the U.S. Constitution. However, she does not base her claim/right to recovery on anything related to these Constitutional rights or related federal laws.

### 3. Malicious Prosecution

Plaintiff makes no reference to any federal laws, rights, or theories of recovery in this claim.

### 4. Abuse of Process, Perjury, and Subordination of Perjury

Plaintiff mentions constitutionally protected speech in this claim, but again, she does not assert a right to recovery under any federal laws.

### 5. Civil Conspiracy

In this claim, Plaintiff references "unconstitutional searches and seizures," but does not specify which constitution is being violated. Plaintiff cites to Washington State caselaw and alleges facts that relate to a claim under state law.

### 6. "Tort of Outrage"

Plaintiff makes no reference to any federal laws, rights, or theories of recovery in this claim.

## Other References to Federal Laws in the Complaint

### 1. Introduction Section

Plaintiff asserts Defendants' conduct is "so far outside the norms of law enforcement that it mirrors the types of conspiracies to interfere with civil rights and the functions of government that are prohibited under federal law ([i.e.] The Klan Act, 42 U.S.C. § 1985) … Such conduct violates the Washington Constitution, the United States Constitution, Federal law, and Washington state tort law…" ECF No. 1-2 at 8.

Although Plaintiff asserts Defendants' conduct violates Federal laws and the U.S. Constitution, Plaintiff does not rely on these alleged violations in any of her claims for damages.

**ORDER GRANTING MOTION TO REMAND * 4**

2. **Factual Allegations Section**

There are repeated statements that Defendants' alleged conduct was in retaliation to Plaintiff exercise of her First Amendment rights and citations to federal caselaw. There are similar references to other alleged violations of U.S. Constitutional Amendments and federal laws throughout the Allegations Section. These assertions do not come up again in a meaningful way in the Claims for Damages Section.

### Analysis

Plaintiff's claims do not rely on the interpretation of federal law and the references to rights under the U.S. Constitution do not have any bearing on Plaintiff's ability to meet the standards for the claims included in her complaint. Plaintiff's references to U.S. Constitutional rights, at most, assert that these rights have been impacted by Defendants' actions. Plaintiff is only seeking to recover under various state law tort claims – none of which rely on the interpretation or application of federal laws, statutes, or the U.S. Constitution. As such, this Court lacks subject matter jurisdiction, and the case should be remanded to state court.

Regarding Plaintiff's request to sanction Defendants for removing this case to federal court, it is neither appropriate nor necessary to impose sanctions. Defendants removed the case within the appropriate timeframe and the removal was reasonable as references to the U.S. Constitution and federal laws are included throughout Plaintiff's complaint.

It is not necessary to address Defendants' request to dismiss any federal claims included in the complaint as there are no cognizable federal claims present.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Expedited Remand to State Court, ECF No. 2, is **GRANTED**.

//

//

**ORDER GRANTING MOTION TO REMAND \* 5**

2. Plaintiff's Complaint for Declaratory Injunctive Relief and Damages is **remanded** to Columbia County Superior Court (former Columbia County Superior Court Case No. 25-02-00054-07)

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order, provide copies to counsel **and to** pro se Plaintiff, and mail a certified copy to the Clerk of the Columbia County Superior Court. The District Court Clerk is directed to **CLOSE** the file.

**DATED** this this 30th day of October 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO REMAND * 6**